Opinion filed September
16, 2010

 

                                                                       In The

                                                                              

  Eleventh
Court of Appeals

                                                                   __________

 

                                                         No. 11-10-00089-CR

                                                    __________

 

                                MICHAEL
LEE MUNOZ, Appellant

 

                                                             V.

 

                                      STATE
OF TEXAS, Appellee



 

                                   On
Appeal from the 118th District Court

                                                          Howard
County, Texas

                                                      Trial
Court Cause No. 12831

 



 

                                            M
E M O R A N D U M   O P I N I O N

            The
trial court convicted Michael Lee Munoz, upon his plea of guilty, of robbery.  
Appellant rejected the State’s plea bargain offer of confinement for fourteen years. 
The trial court found both enhancement allegations to be true and assessed
punishment at confinement for twenty-five years.  We dismiss.

Appellant=s court-appointed counsel
has filed a motion to withdraw.  The motion is supported by a brief in which
counsel professionally and conscientiously examines the record and applicable
law and states that he has concluded that the appeal is frivolous.  

Counsel
has briefed one potential point in which he contends that the trial court erred
in allowing Big Spring Police Officer Travis Boyd Simmons to testify at the
punishment phase that appellant had said that he was hooked on crack and was
trying to get some crack.  Counsel points out that a proper objection was not
made, that the testimony was proper, and that the same evidence was admitted
subsequently without objection.  We agree with counsel’s assessment and overrule
the potential point.

Counsel
has provided appellant with a copy of the brief and advised appellant of his
right to review the record and file a response to counsel’s brief.  A response
has been filed.  Court-appointed counsel has complied with the requirements of Anders
v. California, 386 U.S. 738 (1967); In re Schulman, 252 S.W.3d 403
(Tex. Crim. App. 2008); Stafford v. State, 813 S.W.2d 503 (Tex. Crim.
App. 1991); High v. State, 573 S.W.2d 807 (Tex. Crim. App. 1978); Currie
v. State, 516 S.W.2d 684 (Tex. Crim. App. 1974); Gainous v. State,
436 S.W.2d 137 (Tex. Crim. App. 1969); and Eaden v. State, 161 S.W.3d
173 (Tex. App.—Eastland 2005, no pet.).

In his response, appellant argues that the evidence is
both legally and factually insufficient.  The Texas Court of Criminal Appeals
stated in Bledsoe v. State, 178 S.W.3d 824, 826-27 (Tex. Crim. App.
2005), that the court of appeals is to review appellant’s pro se claims and
examine the record in order to determine whether the record reflects no
reversible error and the appeal should be dismissed or whether arguable grounds
exist and new counsel should be appointed.  We have complied with the
requirements in Bledsoe and have found no reversible error.

Following
the procedures outlined in Anders, we have independently reviewed the
record, and we agree that the appeal is without merit.  We note that counsel
has the responsibility to advise appellant that he may file a petition for
discretionary review by the Texas Court of Criminal Appeals.  Ex parte Owens,
206 S.W.3d 670 (Tex. Crim. App. 2006).  Likewise, this court advises appellant
that he may file a petition for discretionary review pursuant to Tex. R. App. P. 66.  Black v. State, 
217 S.W.3d 687 (Tex. App.—Eastland 2007, no pet.). 

The
motion to withdraw is granted, and the appeal is dismissed.

 

PER CURIAM

 

September 16,
2010

Do not publish.  See Tex. R. App. P. 47.2(b).

Panel consists of:  Wright, C.J.,

McCall, J., and Strange, J.